UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10166-GAO

RENNER SCHINEIDER COELHO, and EDNEIA SCHINEIDER RANGEL,
Plaintiffs/Counterclaim Defendants,

v.

ASSET ACQUISITION AND RESOLUTION ENTITY, LLC[1],
Defendant/Counterclaim Plaintiff.

ORDER
March 31, 2014

O'TOOLE, D.J.

AmTrust-NP SFR Venture, LLC ("Amtrust-NP") foreclosed on the plaintiffs' home and sold it at a public auction in August 2012. AmTrust-NP assigned the bid to the defendant. Subsequently, the plaintiffs filed this action seeking a declaratory judgment that the foreclosure and sale are void. The defendant counterclaimed seeking possession of the property, which the plaintiffs have not vacated. The parties have filed cross motions for summary judgment.

**I.    Background**

The facts are not in dispute. The defendant submitted a statement of undisputed material facts which the plaintiffs agree is accurate.

In July 2006 the plaintiffs and Weslei Barreto purchased the property in Malden, Massachusetts, that is at issue. In order to finance the purchase, Barreto obtained a mortgage loan from Drew Mortgage Associates, Inc. To secure the loan Barreto and the plaintiffs as joint

---

[1] Asset Acquisition and Resolution Entity, LLC, was substituted for the original defendant/counterclaim plaintiff AmTrust REO I, LLC, after acquiring the property by Massachusetts Quitclaim Deed in March 2014 (dkt. no. 30).

tenants gave a mortgage to Mortgage Electronic Registration Systems ("MERS") as nominee for Drew Mortgage. The mortgage was recorded.

The mortgage was assigned by MERS as nominee for Drew Mortgage to AmTrust Bank in July 2009 and recorded that same month. The mortgage was again assigned in February 2011 form the Federal Deposit Insurance Corporation as receiver for AmTrust Bank to Residential Credit Solutions ("RCS") and recorded in March of that year. The final assignment occurred in June 2012 when the mortgage was assigned to AmTrust-NP; the assignment was recorded a week later.

The mortgage went into default in January 2009. In September 2010 RCS as servicer on behalf Amtrust-NP sent Barreto and the plaintiffs a Right to Cure Notice required by Massachusetts General Laws Chapter 244, Section 35A ("Section 35A"). The notice identified the Mortgagee as Am-trust-np SFR Venture Llc, Spo3. After the statutory cure period expired, foreclosure proceedings began. Following the Servicemembers Civil Relief Act proceeding in the Land Court, a notice of intent to foreclose was sent to Barreto and the plaintiffs from Amtrust-Np by its attorney Harmon Law Offices on July 6, 2012. Notice of the sale was published in the local newspapers and the foreclosure sale occurred on August 7, 2010. The property was purchased at the auction by AmTrust-Np, which assigned its bid to the defendant.

## **II.** **Standard of Review**

Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing the basis for its motion and identifying where there exists a lack of any genuine issue of

material fact. Id. at 323. A dispute is "genuine" only if a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must "view the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

## III. Discussion

The plaintiffs seek a declaratory judgment that the foreclosure is void because the defendant did not strictly comply with the requirements of the power of sale in the mortgage and Massachusetts foreclosure law. The plaintiffs allege three different deficiencies.

### A. Right to Cure Notice

The plaintiffs claim that the defendants have not complied with Section 35A, which establishes a right to cure a default under a mortgage loan and specifies certain information that must be contained in a default notice sent to the mortgagor.

The plaintiffs claim that the defendant failed to comply with Section 35A in three ways; (1) the notice misidentified the mortgagee in violation of Section 35A(h)(4); (2) the notice was sent by the servicer instead of mortgagee in violation of Section 35A(g) and; (3) the notice was not filed or recorded in violation of Section 35A(j). All three claims are that the defendant failed to strictly comply with the statutory power of sale as required under U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40 (Mass. 2011). The plaintiffs do not claim actual prejudice from any of the claimed deficiencies.

Following the briefing of the present motions, the Supreme Judicial Court held in U.S. Bank Nat'l Ass'n v. Shumacher, --N.E.3d--, 467 Mass. 421 (2014), that Section 35A does not regulate the statutory power of sale and therefore does not require strict compliance under the Ibanez holding. 467 Mass. at 431. In order to succeed on a Section 35A claim the plaintiffs "must prove that the violation of § 35A rendered the foreclosure so fundamentally unfair that [they are] entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale for reasons other than failure to comply strictly with the power of sale provided in the mortgage." Id. at 433 (J. Gants concurring). Having acknowledged the absence of actual prejudice from any of the claimed defects in the notice, the plaintiffs have not made the necessary showing.

B. Compliance with the Terms of the Mortgage

The plaintiffs also contend that the foreclosure should be void under Ibanez because the mortgagee failed to strictly observe the terms of the mortgage itself. Specifically, they claim that they were not provided with a notice required by the mortgage. Respecting a notice of a default and right to cure, the mortgage provides: "The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." The notice given to the plaintiffs in the right to cure letter stated: "You are hereby informed that you have the right to 'cure' or reinstate the loan after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and sale."

Mass. Gen. Laws ch. 183, § 21 provides that before a mortgagee may sell mortgaged premises by public auction after a default, the mortgagee first must comply "with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a

4

power of sale." The plaintiffs argue that the notice requirement in the mortgage must be strictly complied with and a showing of prejudice is not required. (No particular prejudice is alleged.)

<u>Schumacher</u> also undermines this claim. The notice required by the mortgage itself, like Section 35A, requires certain information to be given to the mortgagor about the right to cure. Like Section 35A, the mortgage term at issue does not deal specifically with the statutory power of sale. Rather, Section 35A

> "is designed to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced through the power of sale. A homeowner's right to cure a default is a *preforeclosure* undertaking that, when satisfied, eliminates the default and wholly precludes the initiation of foreclosure proceedings in the first instance, thereby protecting and preserving home ownership."

<u>Schumacher</u>, 467 Mass. at 431 (emphasis added). The <u>Ibanez</u> holding is limited to matters directly involving the statutory power of sale. For the same reason that the <u>Ibanez</u> holding does not apply to Section 35A, it does not apply to a contractual notice to cure provision. The contractual requirement as to the content of the notice to cure was not part of the statutory power of sale. Accordingly, to have a successful claim for any defect in the notice, the plaintiffs would have to plead and prove some actual prejudice from the defect. As noted, they have not.

C. <u>Power of Attorney</u>

The plaintiffs' final contention is that the foreclosure is void because Harmon Law Offices took actions in preparation for the foreclosure sale prior to being granted power of attorney by the mortgagee. The specific instance the plaintiff points to is that in July 2012 Harmon caused notices of the foreclosure sale to be published in the local newspapers, but was

not actually granted power of attorney until September 2012 (before the sale itself). The plaintiffs argue that this violated Mass. Gen. Laws ch. 244, § 14 which allows "the attorney duly authorized by a writing under seal" to "perform all acts authorized or required by the power of sale."

The plaintiffs' argument is contrary to case law. It is apparent from the published notice, and uncontested by the plaintiffs, that in advertising the sale Harmon was not acting in its own name or interest but rather on behalf of AmTrust-NP. Massachusetts courts have held that, "the statutory language which specifies that an attorney duly authorized by a writing under seal may foreclose a mortgage to apply solely to those cases in which the agent or attorney-in-fact of the mortgagee purports to act as such in his own name. It does not apply to cases in which the mortgagee acts in his own name but employs legal counsel to draft the documents and to take the steps necessary to foreclose the mortgage." Fairhaven Sav. Bank v. Callahan, 1983 Mass. App. Div. 179, 181 (1983).

### D. Counterclaim for Possession

The defendants are entitled to judgment as a matter of law on its claim for possession. The defendant has demonstrated that Amtrust-Np strictly complied with the Massachusetts statutory foreclosure requirements. See Bank of N.Y. v. Bailey, 951 N.E.2d 331, 334 (Mass. 2011). It has established, via affidavits, that Amtrust-NP conducted the foreclosure sale in accordance with Mass. Gen. Laws ch. 244, § 14. The defendant has shown that it now holds the deed to the property. All of the plaintiffs' challenges have been rejected. Therefore, summary judgment on defendant's counterclaims is warranted.

## **IV.** **Conclusion**

For the reasons stated herein the defendant's Motion for Summary Judgment (dkt. no. 12) is GRANTED and the plaintiffs' motion for Summary Judgment (dkt. no. 19) is DENIED.

The defendant is directed to propose a form of judgment within 14 days of the entry of this Order.

It is SO ORDERED.

                                          /s/ George A. O'Toole, Jr.
                                            United States District Judge